CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 31 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WENDY LEIGH SPROUSE, a/k/a, ) <br> WENDY LEIGH SHIFFLETT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DIRECTOR, ) <br> DEPARTMENT OF CORRECTIONS, ) <br> ) <br> Respondent. ) | Civil Action No. 7:13cv00312 <br><br> **MEMORANDUM OPINION** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 by petitioner, Wendy Leigh Sprouse, challenging her conviction and sentence in the Circuit Court for the City of Waynesboro of three counts of embezzlement. Sprouse claims her counsel rendered ineffective assistance in failing to follow her request for a bench trial rather than a jury trial and in failing to object to the admission of her criminal history during her trial. The state court adjudicated the claims on their merits and that adjudication was not contrary to clearly established federal law or based on an unreasonable determination of the facts. Accordingly, the court grants respondent's motion to dismiss.

I.

A grand jury for the Circuit Court for the City of Waynesboro charged Sprouse with three counts of embezzlement. Sprouse pled not guilty and was tried by jury. At trial, the court admitted a statement Sprouse had made to a witness who confronted her with her offenses. According to the witness, when the witness confronted her, Sprouse responded "please don't go to the police on this... I have a prior conviction on - on embezzlement, and I'm on probation for

it." Ultimately, the jury found Sprouse guilty on all three counts of embezzlement and recommended a sentence of imprisonment of seven years and six months on each count. The trial court followed the jury's recommendation and sentenced Sprouse to 22 years and six months.

Sprouse appealed, the Court of Appeals of Virginia affirmed, and the Supreme Court of Virginia refused her petition for appeal. Sprouse, in turn, filed a petition for writ of habeas corpus in the Circuit Court for the City of Waynesboro claiming that her counsel was ineffective in failing to follow her request for a bench trial rather than a jury trial and in failing to object to the admission of her "criminal history" at trial.

In the state habeas proceeding, the Circuit Court received as exhibits two letters Sprouse sent to her counsel before trial. In the first, Sprouse stated: "I'm on a very fine time frame and I have to have my jury trial by December 15." The letter concluded: "I can request it and I am exercising my right to a speedy trial by a jury of my peers." The Circuit Court also received counsel's letter to Sprouse detailing the issues for her upcoming jury trial. The Circuit Court concluded that those letters showed that Sprouse had in fact requested a jury trial. It also concluded that there was no evidence to indicate that even if Sprouse had waived her right to a jury trial that the Commonwealth would have waived its right or that there was a reasonable probability of a different outcome had counsel requested a bench trial. Accordingly, the court concluded that she could not establish either deficient performance or prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984), and it rejected the claim.

The Circuit Court then found that Sprouse's statement about her prior record was relevant and admissible as a party admission and any objection would have been futile. Consequently, it

concluded once again that she could not establish either deficient performance or prejudice, rejected the claim, and dismissed her petition.

The Supreme Court of Virginia refused Sprouse's appeal, and Sprouse filed her current habeas petition in this court raising the same claims she raised in her state habeas petition.

II.

The Circuit Court's adjudication of the claims that were before it can in no way be considered unreasonable, and this court dismisses Sprouse's petition.

Sprouse's federal habeas petition is governed by 28 U.S.C. § 2254 and Chapter 154 of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. §§ 2261–66 (hereinafter "AEDPA"). This federal habeas scheme leaves primary responsibility with the state courts. Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) (citing Woodford v. Visciotti, 537 U.S. 19, 27 (2002) (per curiam)). Consequently, in almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court, 28 U.S.C. § 2254(b), and when a state court has adjudicated a petitioner's habeas claims on the merits, Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000), the AEDPA requires the federal court to defer to the state court's decision:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The state court's factual determinations are also presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under these statutory standards, a state court's adjudication is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A state court's decision unreasonably applies clearly established federal law "if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts." Id. at 413. It is insufficient that a state court applied federal law incorrectly; a federal habeas court may grant relief only if it determines that the state court unreasonably applied federal law. Id. at 411. In making that determination, "a habeas court must determine what arguments or theories . . . *could have supported,* the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court]." Harrington v. Richter, 131 S. Ct. 770, 776 (2011) (emphasis added). Section 2254(d) review, therefore, is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

To demonstrate ineffective assistance of counsel, Sprouse must show that her counsel's performance was deficient and that the deficiency prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 687–91 (1984). To establish deficient performance, Sprouse must first demonstrate that counsel's representation "fell below an objective standard of

reasonableness," and there is a strong presumption that counsel acted reasonably. Id. at 688–89. To establish prejudice to her defense, Sprouse must demonstrate that but for her attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694. A reasonable probability is a substantial probability, not just a conceivable likelihood, of a different result. Harrington, 131 S. Ct. at 792.

When evaluating claims of ineffective assistance of counsel, a federal habeas court may grant relief only if the state-court decision unreasonably applied the more general standard for ineffective assistance of counsel claims established by Strickland. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009). Therefore, the review of a Strickland claim under § 2254(d) is "doubly deferential." Id. at 1413.

With these precepts in mind, clearly Sprouse is not entitled to federal habeas relief. As to the first claim, the record before the Circuit Court demonstrates that Sprouse requested a trial by jury. Moreover, there is nothing remotely suggesting that Sprouse would have fared better in a bench trial. Indeed, the trial judge, who was also the state habeas judge, was uniquely positioned to know whether Sprouse was prejudiced. Sprouse's second claim rests on her belief that the Circuit Court would not have admitted her statement had her counsel objected. Once again, the Circuit Judge has concluded otherwise, and his conclusion is unassailable in federal habeas. Accordingly, the court will dismiss Sprouse's petition.

III.

For the above-stated reasons, the court dismisses Sprouse's habeas petition.

**ENTER:** This October 31, 2013.

_____
UNITED STATES DISTRICT COURT JUDGE